**SO ORDERED.**

**SIGNED this 27 day of June, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

SCOTT TIMOTHY JOHNSON,                    CASE NO. 11-02187-8-JRL
                                          CHAPTER 13
    DEBTOR.

_____

## ORDER

This matter came before the court on the debtor's motion to reinstate the automatic stay. A hearing was held on June 20, 2012, in Wilmington, North Carolina.

The debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on March 22, 2011. On May 17, 2011, Pike Creek, Inc., filed a motion for relief from the automatic stay. With that motion, Pike Creek sought to clear the way to take possession of property known as Lots 54 and 54A of Sycamore Farms, Section II, Pike Creek Area, which secured a negotiable instrument between the debtor and Pike Creek.

Before the debtor filed bankruptcy, Pike Creek obtained a judgment in Pender County District Court stating that the debtor no longer had an interest in Lots 54 and 54A, and giving possession of the property to Pike Creek. On July 13, 2011, this court entered an order granting

1

Pike Creek relief from the automatic stay and giving effect to the Pender County District Court order.  The debtor appealed that order to the United States District Court for the Eastern District of North Carolina, and filed motions to stay pending appeal which were denied.  The District Court dismissed the appeal on November 21, 2011, and the debtor filed the instant motion to reinstate the automatic stay on April 17, 2012.

The debtor claims that Pike Creek and its attorneys committed fraud on the court in the Pender County proceedings, justifying application of FED. R. CIV. P. 60(b)(3) to relieve him of that court's judgment and to reinstate the automatic stay.  To support this, the debtor relies on a rediscovered letter and alleged evidence that Pike Creek presented an incorrect payment history to the Pender County court.  The letter, the debtor claims, proves that Pike Creek's attorney made a bad faith relevance objection to evidence offered by the debtor in the Pender County proceedings.  Specifically, the debtor claims that the letter shows that the evidence excluded by the objection was actually relevant, and that Pike Creek's attorney knew that the evidence was relevant at the time of the hearing.

## DISCUSSION

Courts construe fraud on the court in the context of FED. R. CIV. P. 60(b)(3) very narrowly.[1]  Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1356 (4th Cir.

---

[1] FED. R. CIV. P. 60(b)(3) is made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024.  This court has no authority to vacate a state court judgment.  See Heckert v. Dotson (In re Heckert), 272 F.3d 253, 257–58 (4th Cir. 2001).  However, if this court were to determine that the judgment were procured by fraud, then this court could deny that judgment res judicata effect in these bankruptcy proceedings.  Meindl v. Genesys Pac. Techs., Inc. (In re Genesys Data Techs., Inc.), 204 F.3d 124, 130 (4th Cir. 2000) ("The Supreme Court has long recognized the inherent equity power of courts to set aside a judgment whenever its enforcement would be 'manifestly unconscionable' because of 'fraud upon the court.'").

1982).  Thus, it is generally limited "to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged."  Id.  Further, the fraud must be established by clear and convincing evidence.  E.g., Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981).

Here, the debtor has failed to show fraud on the court that would justify the application of rule 60(b)(3).  The allegations of the debtor do not establish by clear and convincing evidence the kind of "egregious" conduct for which the rule is reserved.  Instead, the debtor is attempting to challenge evidentiary rulings made by the Pender County court, without having ever appealed these rulings in the state courts.  This court is required by comity to respect the Pender County court proceedings and will not interfere with its order.

## CONCLUSION

Based on the foregoing, the debtor's motion to reinstate the automatic stay is **DENIED**.

### END OF DOCUMENT